The Honorable Franklin D. Burgess

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON DEPARTMENT OF REVENUE,<br><br>                  Plaintiff,<br><br>   v.<br><br>SCOTT MAYBEE d/b/a SMOKE SIGNALS TOBACCO OUTLET, aka SMOKE SIGNALS, INC., aka SmokeSignals.com, aka www.smokesignals.com, aka www.smokesignalstobacco.com; C & I DISTRIBUTION, INC., INJUN ENTERPRISES, LLC;,<br><br>                  Defendants. | NO. C05-5078FDB<br><br>**STIPULATED JUDGMENT** |

COMES NOW the State of Washington, Department of Revenue, by and through its Attorney General, Rob McKenna, Doug Van de Brake, Assistant Attorney General, and David M. Hankins, Assistant Attorney General, and Scott Maybee, by and through his counsel Margaret A. Murphy, Esq., and Injun Enterprises LLC, and C & I Distribution, Inc., by and through its counsel Phillips Lytle, LLP (David J. McNamara, Esq., of counsel), hereby enter into the following stipulation and judgment.

**STIPULATION**

1. Scott Maybee ("Maybee") is an enrolled member of the Seneca Nation of Indians and a sole proprietor engaged in the business of selling cigarettes over the Internet through his website www.smartsmoker.com, formerly known by the domain names www.smokesignals.com, www.smokesignalstobacco.com, and also known as Smoke Signals Tobacco Outlet, SmokeSignals.com, and Smoke Signals, Inc.

2. Injun Enterprises LLC ("Injun") is a limited liability company organized under the laws of the state of New York, and has its principal place of business in Town of Amherst, State of New York.  Maybee is the sole member of Injun, which is engaged in the business of providing human resources, marketing, information technology, customer service, logistics, and accounting services to Maybee and his internet cigarette sales businesses (collectively, "Maybee Businesses").

3. C & I Distribution, Inc. ("C & I"), is a corporation with its principal place of business in Buffalo, New York, and is engaged in the business of, among other things, leasing equipment and internet domain names to Maybee.

4. Residents of the State of Washington have purchased cigarettes from Maybee and Maybee Businesses through www.smokesignals.com and continue to purchase cigarettes from him through www.smartsmoker.com.

5. In this lawsuit, the State of Washington Department of Revenue ("Department") alleged that Maybee, Injun, and C & I (collectively, "the Defendants") were required to file Jenkins Act reports with the Department's tobacco tax administrator pursuant to 15 U.S.C. § 376.

6. Neither Injun nor C & I are entities that sell or transfer for profit cigarettes in interstate commerce or that advertise or offer cigarettes for such a sale or transfer and shipment.

1    7.   Maybee, as the sole proprietor of the Maybee Businesses, acknowledges that
2 he bears the responsibility for compliance under the Jenkins Act.
3    8.   The Defendants and the Department wish to amicably resolve this lawsuit
4 without the cost and expense of additional litigation.
5    9.   The Department and Maybee, his successors, assigns and/or subsequently
6 organized business entities to which Maybee holds any ownership interest ("Maybee"), agree
7 as follows:
8        A. <u>Jenkins Act Reports For Sales Prior to November 7, 2004</u>. Since
9 November 7, 2004, Maybee has not been in control or possession of his business records
10 containing records of its cigarette sales made before November 7, 2004.  Maybee has filed
11 several lawsuits seeking to regain control and possession of these business records and other
12 business assets.  Copies of pleadings relating to these lawsuits have been provided to the
13 Department.  Maybee will continue to pursue, through litigation or settlement, these business
14 records.  If Maybee is successful in obtaining the records of its cigarette sales made before
15 November 7, 2004, Maybee will immediately file with the Department copies of all available
16 invoices that contain information required by the Jenkins Act, 15 U.S.C. § 376, *et seq*., for
17 any and all sales of cigarettes shipped or caused to be shipped by Maybee into the State of
18 Washington.  Copies of these invoices shall be made available to the Department in either
19 paper copies or in .PDF electronic format.
20        B. <u>Jenkins Act Reports For Sales From November 7, 2004, to April 1, 2005</u>.
21 Maybee shall file with the State of Washington in either paper copy or in .PDF electronic
22 format, the information set forth in and required by the Jenkins Act, for any and all sales of
23 cigarettes shipped by or caused to be shipped by Maybee into the State of Washington from
24 November 7, 2004, to April 1, 2005.  Due to the disruption of his business on November 7,
25 2004, Maybee cannot represent to the Department that he currently possesses <u>all</u> the
26 necessary information for <u>all</u> sales of cigarettes shipped by or caused to be shipped by

Maybee into the State of Washington between November 7, 2004 and December 31, 2004. Nonetheless, Maybee will make his best efforts to forward to the Department the information which is currently within his possession or which may come into his possession in the future.

        C.  <u>Future Jenkins Act Reports</u>.  Beginning May 2005, Maybee shall file with the Department in either paper copy or in .PDF electronic format all current Jenkins Act reports on a monthly basis by the tenth day of each month.

    10.    The Department agrees to not pursue any legal action against Defendants relating to the filing of Jenkins Act reports so long as Maybee fully comply with the Jenkins Act, 15 U.S.C. § 376 *et. seq.*, and this agreement.

    11.    The parties mutually agree that they will not institute any legal proceedings against one another as to any matter alleged in this lawsuit, as long as the parties comply with this agreement.  If one of the parties breaches this covenant not to sue, the other party shall be entitled to recover from the breaching party its attorneys' fees and litigation expenses incurred in defending such suit.  Nothing in this provision prevents either party from initiating legal action to enforce the terms of this Stipulated Judgment.

    12.    The parties further agree that this Stipulated Judgment shall be construed according to federal law and applicable laws of the State of Washington.  The parties also agree that this Stipulated Judgment shall not be construed against the party that drafted it, solely because that party drafted it.

    13.    Each signatory to this Stipulated Judgment warrants and represents to each of the other parties that he, she or it has the legal capacity to enter into this Stipulated Judgment and the authority to bind the entities or persons on whose behalf they are executing this Stipulated Judgment.

1     14.    The parties agree that they will each bear their own respective costs and
2 attorneys' fees resulting from this lawsuit.

4     DATED this _____ day of July, 2005.

ROB MCKENNA
Attorney General

_____
Doug Van de Brake, WSBA # 33644
David M. Hankins, WSBA # 19194
Assistant Attorneys General
Attorneys for Plaintiff

Attorneys for Defendants

MARGARET A. MURPHY

_____
Margaret A. Murphy, *pro hac vice*
54 Hollywood Avenue
Buffalo, N.Y. 14220

PHILLIPS LYTLE LLP

_____
David J. McNamara

## JUDGMENT and ORDER

THIS MATTER having come on before the above-entitled Court upon stipulation of counsel, the Court having examined the records and being fully advised in the matter, the Court Now Adjudges, Orders and Decrees that:

1. Maybee shall file with the Department, in either paper copy or in .PDF electronic format, all retroactive Jenkins Act reports for sales of cigarettes into Washington prior to November 7, 2004, subject to paragraph 9(A) of the Stipulation.

2. Maybee shall file, in accordance with paragraph 9(B) of the Stipulation, with the Department the information required by and set forth in the Jenkins Act, 15 U.S.C. § 376, *et seq.*, in either paper copy or in .PDF electronic format, for sales of cigarettes into Washington from November 7, 2004 to April 1, 2005.

3. Beginning May 2005, and on a monthly frequency thereafter, Maybee shall file with the Department, in either paper copy or in .PDF electronic format, all current Jenkins Act reports by the tenth day of each month.

4. The Department agrees not to pursue any legal action against the Defendants relating to the filing of Jenkins Act reports as long as the Defendants fully comply with the Jenkins Act, 15 U.S.C. § 376, *et seq.*, and this agreement.

IT IS SO ORDERED.

DATED this 12th day of July, 2005.

*[signature]*

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

1

2 **Presented by:**

3 ROB MCKENNA
Attorney General

4

5

  _____
6
Doug Van de Brake, WSBA # 33644
7 David M. Hankins, WSBA # 19194
Assistant Attorneys General
8 Attorneys for Plaintiff

9

10 **Approved as to Form;**
**Notice of Presentation Waived**
11

12

13
  _____
14 Margaret A. Murphy, Esq.
David J. McNamara, Esq.
15 Attorneys for Defendants

16

17

18

19

20

21

22

23

24

25

26